IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Freddie Richard Jones,                    )        C/A No. 0:14-1760-TLW-PJG
                                          )
                          Petitioner,     )
                                          )
vs.                                       )        **REPORT AND RECOMMENDATION**
                                          )
Dennis Bush, *Warden Lee Correctional*    )
*Institution*,                            )
                                          )
                          Respondent.     )
_____ )

     The petitioner, Freddie Richard Jones, a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 22.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 24.) Jones filed a response in opposition. (ECF No. 39.) Having carefully considered the parties' submissions and the record in this case, the court finds that Jones's Petition is barred by 28 U.S.C. § 2244(d) as untimely.

## BACKGROUND

     Jones was indicted in July 2006 in York County for violation of the South Carolina Education Lottery Act (06-GS-46-2262), second degree burglary (06-GS-46-2264), and grand larceny (06-GS-46-2265). (App. at 374-82, ECF No. 23-1 at 376-84.) Jones was represented by Harry Dest and B.J. Barrowclough, Esquires, and on October 16-18, 2006, was tried by a jury and

found guilty as charged. (App. at 291, ECF No. 23-1 at 293.) The circuit court sentenced Jones to life imprisonment for second degree burglary, five years' imprisonment for grand larceny, and two years' imprisonment for violation of the State Education Lottery Act, all sentences to be served concurrently. (App. at 298, ECF No. 23-1 at 300.)

Jones timely appealed and was represented by Robert M. Pachak, Esquire, of the South Carolina Commission on Indigent Defense, who filed a brief on Jones's behalf. (App. at 300-11, ECF No. 23-1 at 302-13.) On June 1, 2010, the South Carolina Court of Appeals affirmed Jones's conviction and sentence. (State v. Jones, Op. No. 2010-UP-297 (S.C. Ct. App. June 1, 2010), App. at 327-28, ECF No. 23-1 at 329-30.) Jones did not file a petition for rehearing. The remittitur was issued on June 17, 2010. (ECF No.23-2.)

Jones filed a *pro se* application for post-conviction relief ("PCR") on February 18, 2011. (Jones v. State of South Carolina, 11-CP-46-717, App. at 329-34, ECF No. 23-1 at 331-36.) On June 1, 2011, the PCR court held an evidentiary hearing at which Jones appeared and testified and was represented by Charles T. Brooks, III, Esquire. By order filed October 26, 2011, the PCR court denied and dismissed Jones's PCR application with prejudice. (App. at 363-73, ECF No. 23-1 at 365-75.)

Jones, represented by Appellate Defender Dayne C. Phillips, Esquire, of the South Carolina Commission on Indigent Defense, filed a Johnson[1] petition for a writ of certiorari on May 29, 2012.

---

[1] Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967) to post-conviction appeals). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.



(ECF No. 23-3.)  Jones filed a *pro se* response to the Johnson petition.  (ECF No. 23-6.)  On July 25, 2013, the South Carolina Supreme Court issued an Order in which it denied Jones's petition for a writ of certiorari.  (ECF No. 23-7.)  The remittitur was issued August 13, 2013.  (ECF No. 23-8.)

Jones filed the instant Petition for a writ of habeas corpus on April 25, 2014.[2]  (ECF No. 1.)

## DISCUSSION

**A.    Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

---

[2] See Houston v. Lack, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).



The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Statute of Limitations**

The respondent argues that Jones's Petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); see Gonzalez v. Thaler, 132 S. Ct. 641 (2012). Because Jones filed a direct appeal, his conviction became final on June 16, 2010—the expiration of the time in which Jones could have timely filed a petition for rehearing with the South Carolina Court of

Appeals.[3]  See Rule 221(a), SCACR (instructing that a petition for rehearing "must be actually received by the appellate court no later than fifteen (15) days after the filing of the opinion, order, judgment, or decree of the court"); Gonzalez, 132 S. Ct. at 653-54 ("[B]ecause [petitioner] did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.").  Accordingly, the limitations period began to run on June 17, 2010, and expired June 16, 2011, unless the period was at any time tolled for any properly filed state PCR application.  28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

Jones filed his state PCR application on February 18, 2011.  At that point, 246 days of non-tolled time had accrued since the period of limitations began to run.  The period of limitations was tolled during the pendency of the PCR action until August 13, 2013, when the South Carolina Supreme Court issued the remittitur from its order denying Jones's petition for a writ of certiorari.[4]

_____

[3] Because Jones did not seek certiorari from the South Carolina Supreme Court, he is not entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court.  Hammond v. Hagan, C/A No. 4:07-1081-JFA, 2008 WL 2922860, *3 (D.S.C. July 24, 2008); see also 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari . . . ."); U.S. Sup. Ct. R. 10(b) (stating that certiorari is considered where "state court of last resort" has decided an important federal question); U.S. Sup. Ct. R. 13 (stating that the time period for a petition for a writ of certiorari is 90 days from the decision or judgment of a state court of last resort).

[4] Although the respondent included a calculation of Jones's PCR action tolling the statutory deadline until the denial of certiorari on July 25, 2013, (see Respt.'s Mem. Supp. Summ. J., ECF No. 23 at 10-11), the court has used the date that the remittitur was issued out of an abundance of caution.  See Gonzalez, 132 S.Ct. at 654 n.10 (distinguishing between the provisions of § 2244(d)(2) and (d)(1)); see also Rule 221(b), SCACR.



At this time, Jones had 119 days of statutory time remaining, which means that Jones had until December 10, 2013 to file a timely federal habeas corpus petition.

Jones's federal Petition was filed on April 25, 2014—over four months after the expiration of the statute of limitations.

**C.    Jones's Response**

In his response to the respondent's argument that his federal Petition was untimely filed, Jones appears to argue that he is entitled to equitable tolling because his dormitory unit was on lockdown status which prevented him from accessing the law library.  Specifically, Jones first explains that his unit was on lockdown from February 4, 2014 until "sometime after April," but later states that he was on lockdown from September 2013 to September 2014.  (See Petr.'s Resp. Opp'n Mot. Summ. J., ECF No. 39 at 2.)

To avoid application of § 2244(d) regarding the timeliness of the instant federal habeas Petition, Jones must show that the one-year limitations period should be equitably tolled under applicable federal law.  See Holland v. Florida, 560 U.S. 631 (2010) (concluding that § 2244(d) is subject to the principles of equitable tolling); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (same).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citation omitted); see also Holland, 560 U.S. at 649.  Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003) (en banc) (internal quotation marks and citation omitted); see also United



States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).  Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present:  "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time."  Rouse, 339 F.3d at 246.

Jones has not established grounds for equitable tolling.  As an initial matter, the court observes that the first period of time on lockdown referenced by Jones post-dates the expiration of the one-year statute of limitations deadline and is therefore irrelevant in the determination of the timeliness of his federal Petition.  During the second period of time in which Jones alleges he was on lockdown—which incidentally encompasses the first period of time—Jones admits he was "in the process of filling out [his] writ of Habeas Corpus" without access to the law library, and the docket reveals that he filed his federal Petition during this period of time.  (See Petr.'s Resp. Opp'n Mot. Summ. J., ECF No. 39 at 2.)  Jones also states that he "thought [he] reached the one year Statu[t]e of Limitation[s]."  (Id.)

Based on the circumstances presented in this matter, Jones's arguments do not constitute the type of extraordinary circumstances necessary to justify equitable tolling.  See, e.g., Gleaton v. Bush, C/A No. 4:14-890-TMC, 2014 WL 5527826, at *7 (D.S.C. Oct. 31, 2014) (adopting report and recommendation finding that "[p]rison conditions, such as lockdowns . . . , are not normally grounds for equitable tolling"); Lawrence v. Warden of Kirkland Corr. Inst., C/A No. 5:12-3054-TMC, 2013 WL 6054486, at *1 (D.S.C. Nov. 15, 2013) (holding that, in general, "transfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents do not qualify as extraordinary circumstances") (quoting Allen v. Johnson, 602 F. Supp. 2d 724, 727-28 (E.D. Va. 2009)); Garvin v. Eagleton, C/A No. 8:12-01165-JMC, 2013



WL 3821482, at *13 (D.S.C. July 23, 2013) (adopting report and recommendation finding that "Petitioner's allegations regarding lack of resources in the law library do not constitute the type of extraordinary circumstances that justify equitable tolling because alleged inadequacies of prison law libraries do not toll the statute of limitations").   Moreover, Jones has failed to show how his lockdown status prevented him from timely filing his federal Petition, especially considering that his federal Petition was ultimately filed during this alleged period of lockdown.   See Wright v. McFadden, No. 5:14-cv-00282-TLW, 2014 WL 6666681, at *2 (D.S.C. Nov. 24, 2014) (finding no extraordinary circumstances where the petitioner provided "no explanation of how the seizure of his legal materials prevented him from filing his petition by the . . . deadline").

Similarly, Jones has failed to provide sufficient information to demonstrate that he has been pursuing his rights diligently to timely file a federal habeas petition.   See Pace, 544 U.S. at 418; see also Holland, 560 U.S. at 649; Pace, 544 U.S. at 419 (denying equitable tolling to a habeas petitioner who waited years to file his PCR petition and months after his PCR trial to seek relief in federal court); Harris, 209 F.3d at 330 ("Under long-established principles, petitioner's lack of diligence precludes equity's operation.").   Moreover, to the extent that Jones's arguments could be construed to allege that he is entitled to equitable tolling due to lack of knowledge of the law, they are unavailing.   See Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) (rejecting equitable tolling where a petitioner alleged lack of legal knowledge or legal resources); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.") (internal quotation marks and citations omitted).

**RECOMMENDATION**

Based upon the foregoing, the court finds that Jones's Petition was not timely filed and is

therefore barred by § 2244(d).  Accordingly, the court recommends that the respondent's motion for

summary judgment (ECF No. 22) be granted and Jones's Petition dismissed as untimely.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 23, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"   Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).